UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Edelkind                                                                                      Civil Action 11-1440

versus                                                                                  Judge Tucker L. Melançon

Boudreaux                                                              Magistrate Judge Patrick J. Hanna

**ORDER**

Before the Court is a Notice of Removal stating that defendant, Jamie Edelkind, has removed this action from the Fifteenth Judicial Circuit Court, Lafayette, Louisiana, Docket No. C-200015722-H2.  The record indicates that the removed action is a Rule Nisi issued by the state court in response to a Rule To Show Cause filed by Edelkind's ex-wife, Suzanne Boudreaux, seeking payment of a Judgment rendered by the state court dated November 17, 2003 in which Edelkind was found in contempt for his willful violation of child support orders.  *R. 1, Exh. B*.  The state court held that Edelkind owed approximately $70,000 in back child support. He was sentenced to serve 90 days in jail unless he made an immediate payment of $25,000. He made the $25,000 payment but thereafter did not consistently make the ordered child support payments.  Thereafter, on October 12, 2005, Edelkind was indicted in this Court for willfully failing to pay child support in violation of the Child Support Recovery Act, 18 U.S.C. § 228, from December 1998 to the date of the indictment, Criminal Action No. 6:05-cr-60067.  After a jury trial, Edelkind was convicted on June 16, 2006 of one count of willful nonpayment of child support in violation of 18 U.S.C. § 228(a)(3). He was subsequently sentenced to serve twenty-four months in prison, to make restitution, and to pay a special assessment. He is currently incarcerated.

In his Notice of Removal, Edelkind contends that diversity jurisdiction exists over the action pursuant to 28 U.S.C. § 1332(a)(1). The Court disagrees. Issues of domestic

relations are the province of the state courts, and the federal court lacks subject matter jurisdiction over those disputes. *J.D. Franks v. Smith*, 717 F.2d 183 (5th Cir.1983). Abstention from the exercise of diversity jurisdiction in cases involving intra-family relations is a policy of long standing in the federal courts. *Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077 (5th Cir.1990). The domestic relations exception prohibits the exercise of federal jurisdiction in diversity cases involving issues of domestic relations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Fifth Circuit Court of Appeals has held that if a federal court must determine issues involving payment of child support or whether a previous court's determination on those matters should be modified, then the federal court should dismiss the case pursuant to the domestic relations exception. *Rykers v. Alford*, 832 F.2d 895 (5th Cir.1987). Also, under the Rooker-Feldman doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order. *Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994). "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir.1995).

This action is a domestic relations dispute over which this Court lacks subject matter jurisdiction pursuant to the domestic relations exception. Moreover, as the Court is called upon to review and consider a collateral attack on the Rule Nisi and the Judgment underlying plaintiff's Rule to Show Cause, both of which were issued by the state court, the Court lacks jurisdiction to conduct such a review under the Rooker-Feldman doctrine. Because, 28 U.S.C. § 1447(c) requires that the case shall be remanded if at any time before final judgment it appears the district court lacks subject matter jurisdiction, it is

**ORDERED** that this action is remanded to the Fifteenth Judicial District Court, Lafayette, Louisiana, from which it was removed. The Clerk of this Court is to submit a certified copy of this Judgment to the Fifteenth Judicial District Court.

Thus done and signed this 11th day of August, 2011 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE